U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 2 2009

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CAROL LUCARELLI EX REL. MAGGIELEAN TAYLOR, ET AL. | CIVIL ACTION NO. 08-0406 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DVA RENAL HEALTHCARE INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Defendant DVA Renal Healthcare, Inc.'s ("DRH") motions to dismiss Plaintiffs' amended complaint and, in the alternative, to strike certain allegations [Doc. Nos. 52 and 65]. Magistrate Judge Karen L. Hayes issued two Report and Recommendations [Doc. Nos. 64 & 77], recommending that the motions be granted in part and denied in part. DRH and Plaintiffs filed written objections with this Court [Doc. Nos. 66, 78, & 79].

For the following reasons, the Court ADOPTS the Reports and Recommendations of the Magistrate Judge, except for the analysis regarding the claim for negligent undertaking.

I. LAW AND ANALYSIS

This is a negligence action brought by Plaintiffs, the heirs of Maggielean Taylor, against her dialysis provider, DRH. Maggielean Taylor died in 2005, allegedly as a result of complications from her dialysis treatment.

DRH contends *inter alia* that Plaintiffs have failed to state a claim for negligent undertaking because Plaintiffs did not allege (1) that DRH's failure to exercise reasonable care increased the risk of harm to the decedent, (2) that DRH undertook to perform a duty owed to the decedent by someone else, and (3) that the decedent relied upon DRH's undertaking of that duty.

To state a claim for negligent undertaking, the plaintiff must allege that (1) the defendant "undert[ook] to render services, (2) to another, (3) which the defendant should [have] recognize[d] as necessary for the protection of a third person." *Bujol v. Entergy Servs.*, No. 03-C-0492 c/w No. 03-C-0502 (La. 05/25/04); 922 So.2d 1113, 1129 (citing RESTATEMENT (SECOND) OF TORTS § 324A).

Magistrate Judge Hayes declined to dismiss Plaintiffs' claim for negligent undertaking because "discovery will be needed to clarify what services, if any, [DRH] undertook **on behalf of another** for the protection of plaintiffs' decedent." [Doc. No. 77, p. 10] (emphasis added).

A defendant may only be held liable for negligent undertaking if it "undertakes to render services . . . **to another**, . . . which the defendant should recognize as necessary for the protection of a third person." *Bujol*, 922 So.2d at 1129 (emphasis added); *see also id. generally* (noting that a parent corporation could be held liable for assuming a duty to provide for the safety of the employees of its subsidiary); *see also Herbert v. Rapides Parish Police Jury*, No. 06-C-2001 c/w No. 06-C-2164 (La. 04/11/07); 974 So.2d 635, 643 (holding the state department of transportation liable for assuming the parish police jury's duty to construct and maintain a safe bridge) (citing *Bujol*, 922 So.2d at 1128–29), *reh'g denied*, 974 So. 2d 635.

In this case, Plaintiffs have not alleged that DRH undertook to provide dialysis services to another entity for the protection of that entity's dialysis patients. Plaintiffs have, therefore, failed to state a claim for negligent undertaking against DRH, and DRH's motion to dismiss on this basis is GRANTED.

## II. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Reports and Recommendations of the

...

Magistrate Judge, except for the analysis and recommendation regarding the claim for negligent undertaking.

MONROE, LOUISIANA, this 2 day of February, 2009.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE