U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 1 2009

ROBERT H. SHEMWELL, CLERK
BY _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CAROL LUCARELLI EX REL. MAGGIELEAN TAYLOR, ET AL. | CIVIL ACTION NO. 08-0406 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DVA RENAL HEALTHCARE INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) [Doc. No. 82] of the Court's Ruling and Judgment [Doc. Nos. 80 & 81]. The Motion is opposed.

For the following reasons, the Motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a negligence action brought by Plaintiffs, the heirs of Maggielean Taylor ("the decedent"), against her dialysis provider, DRH. The decedent passed away in 2005, allegedly as a result of complications from her dialysis treatment. Plaintiffs allege that DRH, through its predecessor-in-interest, Gambro Healthcare, undertook to conduct research in 2000 that revealed inexpensive means of limiting the risk of biological contaminants during hemodialysis. DRH, through its predecessor-in-interest, however, failed to undertake research-supported upgrades. As a result, Plaintiffs contend that the decedent was "exposed to the injurious and deadly levels of biofilm-associated organisms and contaminants, which proximately caused the injuries to [the decedent]." [Doc. No. 63, ¶ 14].

DRH previously filed a motion to dismiss. This Court granted the motion in part, holding

that Plaintiffs failed to state a claim for negligent undertaking under RESTATEMENT (SECOND) OF TORTS § 324A. [Doc. Nos. 80 & 81].

In their Motion for Reconsideration, Plaintiffs contend that they have stated a claim for negligent undertaking under RESTATEMENT (SECOND) OF TORTS § 323. DRH filed a memorandum in opposition [Doc. No. 84], and Plaintiffs filed a reply [Doc. No. 87].

## II. LAW AND ANALYSIS

Plaintiffs contend that they have stated a claim for negligent undertaking under RESTATEMENT (SECOND) OF TORTS § 323.

DRH contends that Plaintiffs have failed to state a claim because Plaintiffs did not allege (1) that DRH undertook to perform a duty owed to the decedent, (2) that DRH's failure to exercise reasonable care increased the risk of harm to the decedent, and (3) that the decedent relied upon DRH's undertaking of that duty.

Section 323, also known as the Good Samaritan Doctrine, provides that

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a)     his failure to exercise such care increases the risk of such harm, or
>
> (b)     the harm is suffered because of the other's reliance upon the undertaking.

RESTATEMENT (SECOND) OF TORTS § 323.

### A. Duty

DRH argues that it did not "undertake[]. . .to render services to another" by performing internal research; Plaintiffs' allegations refer only to the research conducted by DRH for its own use.

*Id.* Plaintiffs respond that "[t]he research at issue was specifically pointed to stop injury and death to persons like [the decedent]." [Doc. No. 87, p. 2].

Section 323 contemplates a negligent undertaking of services rendered to benefit a specific person. Plaintiffs have not and cannot allege that the research was specifically undertaken to benefit **the decedent**.

The Court finds that DRH did not assume a duty owed to the decedent under Section 323, and, therefore, Plaintiffs have failed to state a claim.

### B. Causation

In the alternative, assuming *arguendo* that DRH assumed a duty, DRH argues that its failure to implement the findings of the research it undertook could not, as a matter of law, have increased the risk of harm to the decedent because DRH did not physically alter the manner in which it provided hemodialysis treatment. DRH also argues that Plaintiffs have failed to allege that the decedent relied upon DRH's undertaking.

Plaintiffs respond that once DRH undertook research that revealed serious problems with the dialysis treatment it provided, its disregard of the results "was affirmative misconduct to which no reliance or increased risk of harm is needed to establish the elements of negligence." [Doc. No. 87, p.3]. For support, Plaintiffs cite to Comment (e) of Section 323, which

> leaves open the question whether there may not be cases in which one who has entered on performance of his undertaking, and cannot withdraw from it without leaving an unreasonable risk of serious harm to another, may be subject to liability even though his conduct has induced no reliance and he has in no way increased the risk. Clear authority is lacking, but it is possible that a court may hold that one who has thrown rope to a drowning man, pulled him half way to shore, and then unreasonably abandoned the effort and left him to drown, is liable even though there were no other possible sources of aid, and the situation is made no worse than it was.

RESTATEMENT (SECOND) OF TORTS § 323, cmt. (e) (explaining RESTATEMENT (SECOND) OF TORTS § 323, caveat (2)).

The Court must make an *Eerie* guess as to how the Louisiana Supreme Court would rule on Plaintiffs' proposed extension of Section 323. Plaintiffs have provided no authority for their position, nor is the Court aware of any. Plaintiffs' theory of negligence is not viable under Section 323 as the law in Louisiana currently stands.

By failing to respond to DRH's arguments regarding the risk of harm and/or reliance requirements of Section 323, the Court assumes that Plaintiffs have conceded these points. The Court, therefore, finds that Plaintiffs have failed to state a claim under Section 323 on this basis as well.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) [Doc. No. 82] is DENIED.

MONROE, LOUISIANA, this 10 day of March, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE